UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| RANDY MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-cv-00107-RLY-DML |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| | ) | |
| Defendant. | ) | |

Report and Recommendation
on Complaint for Judicial Review

This matter was referred to the Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for a report and recommendation as to its appropriate disposition. As addressed below, the Magistrate Judge recommends that the District Judge REVERSE AND REMAND the decision of the Commissioner of the Social Security Administration that plaintiff Randy Moore is not disabled.

## Introduction

Mr. Moore applied on April 4, 2014, for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI) under Title XVI of the Social Security Act, alleging that he has been disabled since February 11, 2013. Acting for the Commissioner of the Social Security Administration following a hearing on March 23, 2016, an administrative law judge (ALJ) found that Mr. Moore is not disabled. The Appeals Council denied review of the ALJ's decision on May 12, 2017, rendering the ALJ's decision for the

Commissioner final. Mr. Moore timely filed this civil action under 42 U.S.C. § 405(g) for review of the Commissioner's decision.

Mr. Moore contends that the ALJ erred by failing to give controlling weight to the opinion of Dr. Geeraerts, Mr. Moore's treating psychiatrist. (Initial Br. at 4). In addition, Mr. Moore argues the ALJ's "determination that [Mr. Moore] could maintain employment was not supported by substantial evidence." (*Id.* at 5).

The court will first describe the legal framework for analyzing disability claims and the court's standard of review, and then address Mr. Moore's specific assertions of error.

## Standard for Proving Disability

To prove disability, a claimant must show he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Mr. Moore is disabled if his impairments are of such severity that he is not able to perform the work he previously engaged in and, if based on his age, education, and work experience, he cannot engage in any other kind of substantial gainful work that exists in significant numbers in the national economy. 42 U.S.C. § 423(d)(2)(A). The Social Security Administration (SSA) has

implemented these statutory standards by, in part, prescribing a five-step sequential evaluation process for determining disability. 20 C.F.R. § 404.1520.[1]

Step one asks if the claimant is currently engaged in substantial gainful activity; if he is, then he is not disabled. Step two asks whether the claimant's impairments, singly or in combination, are severe; if they are not, then he is not disabled. A severe impairment is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). The third step is an analysis of whether the claimant's impairments, either singly or in combination, meet or medically equal the criteria of any of the conditions in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. The Listing of Impairments includes medical conditions defined by criteria that the SSA has pre-determined are disabling, so that if a claimant meets all of the criteria for a listed impairment or presents medical findings equal in severity to the criteria for the most similar listed impairment, then the claimant is presumptively disabled and qualifies for benefits. *Sims v. Barnhart,* 309 F.3d 424, 428 (7th Cir. 2002).

If the claimant's impairments do not satisfy a listing, then his residual functional capacity (RFC) is determined for purposes of steps four and five. RFC is

---

[1] Two programs of disability benefits are available under the Social Security Act: DIB under Title II for persons who have achieved insured status through employment and withheld premiums, 42 U.S.C. § 423 *et seq.*, and SSI disability benefits under Title XVI for uninsured individuals who meet income and resources criteria, 42 U.S.C. § 1381 *et seq.* The court's citations to the Social Security Act and regulations promulgated by the Social Security Administration are those applicable to DIB benefits. For SSI benefits, materially identical provisions appear in Title XVI and at 20 C.F.R. § 416.901 *et seq.*

a claimant's ability to do work on a regular and continuing basis despite his impairment-related physical and mental limitations. 20 C.F.R. § 404.1545. At the fourth step, if the claimant has the RFC to perform his past relevant work, then he is not disabled. The fifth step asks whether there is work in the relevant economy that the claimant can perform, based on his age, work experience, and education (which are not considered at step four), and his RFC; if so, then he is not disabled.

The individual claiming disability bears the burden of proof at steps one through four. *Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If the claimant meets that burden, then the Commissioner has the burden at step five to show that work exists in significant numbers in the national economy that the claimant can perform, given his age, education, work experience, and functional capacity. 20 C.F.R. § 404.1560(c)(2); *Young v. Barnhart,* 362 F.3d 995, 1000 (7th Cir. 2004).

### **Standard for Review of the ALJ's Decision**

Judicial review of the Commissioner's (or ALJ's) factual findings is deferential. A court must affirm if no error of law occurred and if the findings are supported by substantial evidence. *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001). Substantial evidence means evidence that a reasonable person would accept as adequate to support a conclusion. *Id.* The standard demands more than a scintilla of evidentiary support, but does not demand a preponderance of the evidence. *Wood v. Thompson,* 246 F.3d 1026, 1029 (7th Cir. 2001).

The ALJ is required to articulate a minimal, but legitimate, justification for his decision to accept or reject specific evidence of a disability. *Scheck v. Barnhart,* 357 F.3d 697, 700 (7th Cir. 2004). The ALJ need not address every piece of evidence

in his decision, but he cannot ignore a line of evidence that undermines the conclusions he made, and he must trace the path of his reasoning and connect the evidence to his findings and conclusions. *Arnett v. Astrue,* 676 F.3d 586, 592 (7th Cir. 2012); *Clifford v. Apfel,* 227 F.3d 863, 872 (7th Cir. 2000).

## Administrative Proceedings

Mr. Moore was born in 1971 and was 41 years old as of the alleged onset date. At the hearing, Mr. Moore and a vocational expert testified.

At step one, the ALJ determined that Mr. Moore had not engaged in substantial gainful activity since February 11, 2013, the alleged onset date. At step two, the ALJ found Mr. Moore had the following severe impairments: Crohn's disease, wrist and ankle pain of unclear etiology, and an affective disorder. At step three, the ALJ concluded that Mr. Moore did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments.

Considering his impairments, the ALJ determined Mr. Moore has the RFC to perform light work as defined in the regulations, with the following limitations. Mr. Moore can push and pull hand and foot controls frequently. He can occasionally climb ramps and stairs, and can occasionally stoop, kneel, crouch, and crawl. He is not to climb ladders, ropes, or scaffolds, is not to be exposed to extreme cold or vibration, and is not to operate a motor vehicle. Mr. Moore is limited to simple, routine, and repetitive tasks, but not at a production rate pace. He is limited to simple, work-related decisions. He is also limited to tolerating few changes in a routine work setting (no more than ordinary and routine changes in work setting

5

and duties). Mr. Moore can occasionally interact with supervisors, but is limited to only occasional, superficial interaction with both coworkers and the public. (R. 20).

With this RFC and based on the ALJ's review of testimony of a vocational expert (VE), the ALJ found that jobs exist in significant numbers in the national economy that Mr. Moore can perform. Therefore, the ALJ determined Mr. Moore has not been under a disability from February 11, 2013, through the date of the ALJ's decision. (R. 28). Mr. Moore now challenges this outcome.

## Analysis

Mr. Moore argues the following reversible errors necessitate remand: (1) the ALJ improperly assigned little weight to the opinion of Dr. Geeraerts, Mr. Moore's treating psychiatrist, and (2) the ALJ's determination that Mr. Moore could maintain employment was not supported by substantial evidence. The court will address arguments in reverse order.

### A. **The ALJ's RFC and subsequent Step 5 determinations were not supported by substantial evidence**.

Although not presented as clearly as it could have been, the court construes Mr. Moore's substantial evidence argument as a challenge to the ALJ's RFC and Step 5 determinations. Mr. Moore asserts that the ALJ "disregarded the long history of the claimant working with the employment program and case management through the Community Mental Health Center [(CMHC)], relegating it to a footnote. R. 22. That history contains the best evidence of Randy's inability

to work on a sustained basis." (Initial Br. at 6).[2] As discussed in more detail below, the court agrees the ALJ failed to analyze properly Mr. Moore's CMHC treatment records and must remand.

It is well-settled that the ALJ is forbidden at every step of the analysis from cherry-picking evidence supporting his finding while ignoring contradictory information. The ALJ must also form a "logical bridge" from the evidence to his findings and conclusions. Here, the ALJ relegates the voluminous treatment records from CMHC into a single (and inaccurate) one-sentence footnote: "The claimant also [has] a long history of case management services, which has typically focused on developing or improving job skills, helping with job applications, and assisting the claimant with grocery shopping (e.g., maximizing savings, selecting healthy options) *due to his lack of a driver's license*." (R. 22) (emphasis added) (internal citations omitted). The ALJ appears to tie the assistance Mr. Moore received to his lack of a driver's license. However, the CMHC records make clear that Mr. Moore received a significant amount of assistance to carry out activities of daily living, including grocery shopping, attending medical appointments, having conversations with medical providers, and applying and interviewing for jobs because of his mental impairment(s), not simply because he did not have a driver's

---

[2] The defendant labels this argument as "skeletal" and claims it has been waived as a result. (Br. at 11). The court finds Mr. Moore adequately (albeit not clearly) presented and developed this argument, and thus it is not waived. The court notes further that Mr. Moore devotes a full two pages to this argument. (*See* Initial Br. at 5-7).

7

license. (*See, e.g.*, R. 2739-41, 2745, 2759-66, 2770-74, 2854, 2992.) Therefore, the ALJ failed to analyze properly a line of contrary medical evidence.

In addition, SSR 85-15 states that "[t]he basic mental demands of competitive, remunerative, unskilled work include the abilities (*on a sustained basis*) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting." SOCIAL SECURITY ADMINISTRATION, SSR 85-15, TITLES II AND XVI: CAPABILITY TO DO OTHER WORK – THE MEDICAL-VOCATIONAL RULES AS A FRAMEWORK FOR EVALUATING SOLELY NONEXERTIONAL IMPAIRMENTS, 1985 WL 56857, at *4 (1985) (emphasis added). The CMHC records include references to Mr. Moore struggling to complete tasks in a timely manner, calling in and missing more work than average (*see, e.g.*, R. 672), and needing support for making sandwiches and preparing fries at his job at Burger King after one week of employment or approximately 20 hours on the job (R. 695). The Mental Medical Source Statement completed on September 9, 2014, by Dr. Geeraerts, Mr. Moore's treating psychiatrist, states that Mr. Moore ultimately was terminated from his Burger King job for failure to remember simple work procedures (*i.e.*, how to assemble a hamburger). (*See* R. 1378). The ALJ likewise failed to discuss and consider this evidence in his RFC analysis and ultimate Step 5 determination. Therefore, remand is necessary.

8

## B. <u>The court makes no determination regarding the treatment of Dr. Geeraerts's opinion.</u>

Mr. Moore also asserts the ALJ erred by giving little weight to Dr. Geeraerts's opinion. The court makes no determination on this issue, as it is possible that proper consideration of the CMHC evidence on remand may affect the ALJ's analysis of Dr. Geeraerts's opinion, especially since several of the grounds enumerated by the ALJ for giving little weight to Dr. Geeraerts's opinion are related to purported inconsistencies with other evidence in the record. (*See* R. 27.) On remand, the ALJ should analyze the opinions rendered by Dr. Geeraerts in light of all of the evidence in the record, especially the treatment provided by CMHC, which Mr. Moore maintains was conducted under the supervision of Dr. Geeraerts (Reply Br. at 1).

## Conclusion

For the foregoing reasons, the Magistrate Judge recommends that the District Judge REVERSE AND REMAND the Commissioner's decision under sentence four of 42 U.S.C. § 405(g).

Any objections to this Report and Recommendation must be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The failure to file objections within fourteen days after service will constitute a waiver of subsequent review absent a showing of good cause for that failure. Counsel should not anticipate any extension of this deadline or any other related briefing deadlines.

IT IS SO RECOMMENDED.

Date: 6/22/2018

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

9

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system